UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LARRY DARNELL JONES,

        Plaintiff,                         FILE NO. 2:06-CV-190

v.                                          HON. ROBERT HOLMES BELL

SHARON WRIGHT, et al.,

        Defendants.
_____/

**OPINION ADOPTING REPORT AND RECOMMENDATION**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to the Magistrate Judge for screening pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c). The Magistrate Judge issued a Report and Recommendation ("R&R") (docket #3), recommending that this Court dismiss the complaint for failure to state a claim because it was time barred. The matter presently is before the Court on Plaintiff's objections to the R&R (docket #6). For the reasons that follow, Plaintiff's objections are rejected and the R&R is adopted in its entirety as the opinion of this court.

I.

This Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**II.**

Plaintiff has filed the instant action against Michigan Department of Corrections mailroom employee Sharon Wright and Resident Unit Manager Jeffrey Larson. He alleges that, on May 9, 1995, Defendants interfered with his outgoing legal mail, causing his habeas corpus petition to be barred by the statute of limitations.

As the Magistrate Judge found, § 1983 claims filed in Michigan are subject to a three-year statute of limitations. *See* MICH. COMP. LAWS § 600.5805(8); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986). Although state tolling provisions apply to § 1983 claims,

Plaintiff has not made allegations entitling him to tolling.  Michigan's tolling provision for incarcerated persons is not available to Plaintiff under the circumstances of the case.  *See* MICH. COMP. LAWS § 600.5851(9).  Further, although the limitations period is tolled during the period in which a prisoner seeks to exhaust his administrative remedies, Plaintiff did not file a grievance until February 10, 2004, nearly nine years after the misconduct of which he complains.  As a consequence, the three-year limitations period already had expired and could not be tolled.

The Court finds no error in the analysis applied by the Magistrate Judge.  In his objections, however, Plaintiff generally asserts that his complaint was timely because he was simply following the procedure identified by the Sixth Circuit in an interim order issued in *Jones v. Pramstaller*, No. 05-2561 (6th Cir. May 25, 2006).  In its order, the Sixth Circuit considered a case filed by Plaintiff and dismissed by this Court in accordance with the total exhaustion rule.  *See Jones v. Carlyon*, No. 2:04-CV-265 (W.D. Mich.).  The court held the appeal in abeyance pending the Supreme Court's issuance of a decision in *Williams v. Overton*, 126 S. Ct. 1463 (U.S. Mar. 6, 2006) (No. 05-7142), and *Jones v. Bock*, 126 S. Ct. 1462 (U.S. Mar. 6, 2006) (No. 05-7058), which will decide the total exhaustion question.  The Sixth Circuit advised, however, that, if Plaintiff believed his unexhausted claims could be prejudiced by the passage of time while the case is held in abeyance, he could have the case decided under existing Sixth Circuit precedent.

The claim raised in the instant case previously was one of several claims raised in *Jones v. Carlyon*, No. 2:04-CV-265 (W.D. Mich.).  Plaintiff argues that the May 25, 2006

order of the Sixth Circuit permits him to bring his claim in this new action for an indefinite future period because the total exhaustion question has been held in abeyance.

The claim is frivolous. The Sixth Circuit's May 25, 2006 order had no impact on the timeliness of Plaintiff's civil rights complaint. The Sixth Circuit's order was designed to give Plaintiff the option of proceeding with his appeal forthwith rather than holding his appeal in abeyance pending a Supreme Court decision. The decision did not purport to address or decide whether one or more of the underlying claims was time-barred.

### III.

Having considered each of Plaintiff's objections and finding no error, the Court hereby denies Plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge as the opinion of the Court. Accordingly, the Court will dismiss the complaint for failure to state a claim because it is time-barred. For the same reasons, the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). A judgment consistent with this opinion shall be entered.


Dated:   December 29, 2006          /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE